IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

JIMMY SIMPSON                                                    PETITIONER

V.                              3:12CV00033 DPM/JTR

MIKE ALLEN, Sheriff,                                            RESPONDENT
Crittenden County
Detention Facility

## ORDER

Petitioner, Jimmy Simpson, has filed a *pro se*[1] Petition for Writ of Habeas

Corpus pursuant to 28 U.S.C. § 2241(c)(3), along with an Application to Proceed

Without Prepayment of Fees and Affidavit.  (Docket entries #1, #2.)

### I. *In Forma Pauperis* Application

A federal habeas petition must be accompanied by the applicable filing fee, *or*

"a motion for leave to proceed in forma pauperis, *the affidavit required by 28 U.S.C.*

*§ 1915*, and a certificate from the warden or other appropriate officer of the place of

---

[1] Petitioner is hereby notified of his responsibility to comply with Local Rule 5.5(c)(2) of the Rules of the United States District Court for the Eastern District of Arkansas, which states: "It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently.  A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number.  If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.  Any party proceeding pro se shall be expected to be familiar with and follow the Federal Rules of Civil Procedure."

confinement showing the amount of money or securities that the petitioner has in any account in the institution." Rule 3(a), Rules Governing § 2254 Cases in United States District Courts (emphasis added); § 2254 Rule 1(b) (permitting district courts to apply § 2254 rules in other habeas actions).

Petitioner's Application to Proceed Without Prepayment of Fees and Affidavit is incomplete. Specifically, it is missing the second page, which is the page containing the applicant's signature and declaration that the information provided is true and correct. The Clerk of the Court is directed to send Petitioner a blank Application to Proceed Without Prepayment of Fees and Affidavit. Petitioner must fully complete the first two pages of the form, sign on the appropriate line on page 2, and resubmit both pages to the Court within thirty (30) days of entry of this Order.

As required by Rule 3(a), Petitioner has submitted a certificate from an authorized official at the incarcerating facility, Crittenden County Detention Facility (CCDF), showing his account balance. (Docket entry #1, at 2-3.) **He is <u>not</u> required to obtain and submit another certificate from the CCDF.**

Alternatively, Petitioner may pay the statutory $5.00 filing fee for habeas petitions.

## II. Petition

A federal court should summarily dismiss a habeas petition if "it plainly

appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." § 2254 Rule 4. The Court needs further information in order to determine if Petitioner's allegations are sufficient to allow his habeas action to proceed.

Petitioner alleges that he was arrested in January 2011 for breaking and entering, was "sent back to prison on [a] parole violation," served ten months, and was released on November 23, 2011. He alleges that, on, December 14, 2011, he was arrested and detained on a warrant for the same charge of breaking and entering. He alleges that his parole officer said he was "going to straight[en] the matter out," but never did.

Plaintiff is directed to file, within thirty (30) days of entry of this Order, an Amended Petition clarifying:

(1) Whether he is currently incarcerated;[2] if so, the place of his incarceration, and the specific criminal charges that are the basis for his current incarceration; and, if he is no longer incarcerated, the date he was released and the reason for his release.

(2) Whether any criminal proceedings have been held or are scheduled to be held on the criminal charges that are the basis for his current

---

[2]The Petition states that Petitioner was "released on [his] own recognizance" on December 28, 2011. (Docket entry #2, at 2.) However, the address he lists on his Petition is that of the Crittenden County Detention Facility (*id.* at 5), and the envelope in which his pleadings were mailed shows the CCDF as the return address (docket entry #1, at 4).

incarceration; the nature and date of all such criminal proceedings; the court in which the proceedings have been or will be held; and, if applicable, the outcome of the proceedings.

(3)     What steps he has taken to challenge the legality of his detention through the state court system.[3]

The Court notes that Petitioner's original habeas Petition is not signed. (Docket entry #2, at 5.)  A habeas petition must be "signed and verified by the person for whose relief it is intended or by someone acting in his behalf."  28 U.S.C. § 2242; *see* § 2254 Rule 2(c)(5) (petition must "be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242").  Petitioner is directed to ensure that his Amended Petition contains a proper signature.

### III. Conclusion

IT IS THEREFORE ORDERED THAT:

1.     The Clerk of the Court is directed to send Petitioner a blank Application to Proceed Without Prepayment of Fees and Affidavit.

---

[3]A petitioner seeking relief from state custody by means of a federal writ of habeas corpus ordinarily is required to exhaust his remedies in state court. *See Sacco v. Falke*, 649 F.2d 634, 635-37 (8th Cir. 1981) (exhaustion requirement applies to § 2241 habeas petition challenging future prosecution); *see also Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987) (federal courts should abstain from exercising jurisdiction over pretrial habeas petitions brought under § 2241 if issues may be resolved by state court trial or other state procedures available to the petitioner).

2.     Petitioner must, **within thirty (30) days of the entry of this Order**, either: (a) file the first two pages of the Application to Proceed Without Prepayment of Fees and Affidavit, which must be fully completed and personally signed by Petitioner; or (b) pay the $5.00 filing fee in full.

3.     Petitioner must, **within thirty days of the entry of this Order**, file an Amended Petition containing the information specified herein.

4.     Petitioner is reminded that, if he fails to timely and properly comply with any portion of this Order, it will be recommended that his case be dismissed, without prejudice, pursuant to Local Rule 5.5(c)(2).

DATED this   8th   day of February, 2012.


_____
UNITED STATES MAGISTRATE JUDGE