IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

JIMMIE SIMPSON                                                                          PETITIONER

V.                                  3:12CV00033 DPM/JTR

MIKE ALLEN, Sheriff,                                                                RESPONDENT
Crittenden County
Detention Facility

# **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

# **INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge D. Price Marshall, Jr.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the

United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Room A149
Little Rock, AR 72201-3325

## I. Introduction

Petitioner, who is currently detained at the Crittenden County Detention Facility (CCDF), brings this Petition for Writ of Habeas Corpus and Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (Docket entries #2, #6.) For the

reasons that follow, the Petition and Amended Petition should be dismissed, without prejudice.

## II. Discussion

A federal court should summarily dismiss a habeas petition if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases in United States District Courts; § 2254 Rule 1(b) (permitting district courts to apply § 2254 rules in other habeas actions). By Order dated February 8, 2012, the Court directed Petitioner to provide certain additional information to determine if his allegations were sufficient to allow his habeas action to proceed. (Docket entry #3.)[1] In response, Petitioner filed his Amended Petition. (Docket entry #6.)

In the Amended Petition, Petitioner alleges that: (1) he was arrested in January 2011 for breaking and entering, theft of property and commercial burglary; (2) he served ten months in prison;[2] (3) he "came back [in November 2011] on a detainer and was release[d] on [his] own recognizance"; and (4) on December 21, 2011, he was

---

[1] Petitioner was directed to clarify: (1) whether he was currently incarcerated and, if so, the specific criminal charges that were the basis for his incarceration; (2) whether any criminal proceedings had been held or were scheduled to be held on the criminal charges that were the basis for his current incarceration; and (3) what steps he had taken to challenge the legality of his detention through the state court system.

[2] His original Petition stated that the prison sentence was for a parole violation. (Docket entry #2, at 2.)

arrested on charges of absconding and shoplifting/theft of property and is currently incarcerated in the CCDF on those charges, as well as breaking and entering and a parole violation.³ Finally, Petitioner alleges that his parole officer told him that he was being held on the same charges for which he was arrested in January 2011 and that the parole officer was "going to straight[en] the matter out."

According to Petitioner, he went to court on December 28, 2011, where the district attorney read his "old police report" and the judge set a $1,000,000 bond. Petitioner contends his public defender failed to inform the court of Petitioner's conversation with his parole officer, and Petitioner was not allowed to speak. Petitioner has attached to his Amended Petition a scheduling order from the circuit court setting a "motion and plea date" of May 3, 2012, and a jury trial for May 14-18, 2012. (Docket entry #6, at 11.)

Petitioner appears to allege that he is being held in the CCDF in violation of his rights to due process and equal protection under the Fifth and Fourteenth Amendments.⁴ By way of relief, he seeks to have this Court dismiss all charges and

---

³According to a CCDF document attached to Petitioner's Amended Petition, he is currently charged with breaking and entering, violating parole, and theft of property. (Docket entry #6, at 10.)

⁴Even liberally construing Petitioner's Amended Petition, it is difficult to understand or characterize the precise nature of the alleged constitutional violations. However, one thing is crystal clear: Petitioner has failed to exhaust his state court remedies regarding those claims. *See Mellott v. Purkett*, 63 F.3d 781, 784-85 (8th Cir.

award monetary damages.[5]

Before a state prisoner can seek federal habeas relief, he ordinarily must "exhaus[t] the remedies available in the courts of the State," 28 U.S.C. § 2254(b)(1)(A), thereby affording those courts the first opportunity to address and correct alleged violations of the prisoner's federal constitutional rights. *Walker v. Martin*, 131 S. Ct. 1120, 1127 (2011). State remedies are not fully exhausted if a petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). Compliance with the exhaustion requirement is excused only if "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." *Id.* § 2254(b)(1)(B).

This exhaustion requirement applies to § 2241 habeas petitions challenging a pending or future state criminal prosecution.[6] *Sacco v. Falke*, 649 F.2d 634, 635-37 (8th Cir. 1981) (future prosecution under state indictment); *Davis v. Muellar*, 643 F.2d

---

1995) (in dismissing federal habeas petition for non-exhaustion, district court reviewed *pro se* motions "with appropriate liberal construction").

[5]Damages are not appropriate or available relief in a federal habeas action. *Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973).

[6]Pursuant to 28 U.S.C. § 2241(c)(3), district courts are empowered to grant habeas relief to individuals "in custody in violation of the Constitution or laws or treaties of the United States," regardless of whether a judgment of conviction has been entered in a criminal proceeding. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 503-04 (1973) (Rehnquist, J., dissenting).

521, 525 (8th Cir. 1981) (pending state prosecution). Federal courts should refrain from exercising jurisdiction over pretrial habeas petitions brought pursuant to § 2241 if the issues may be resolved by the state trial court or other state procedures available to the habeas petitioner. *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987); *see also Wingo v. Ciccone*, 507 F.2d 354, 357 (8th Cir. 1974) ("Absent extraordinary circumstances, federal courts should not interfere with the states' pending judicial processes prior to trial and conviction, even though the prisoner claims he is being held in violation of the Constitution.").[7]

Finally, Petitioner has attached documents to his amended habeas Petition which reflect that the pending state criminal charges against him are scheduled for a jury trial in May 2012. In its February 8, 2012 Order, the Court specifically asked Petitioner to identify the steps he had taken to challenge his allegedly unlawful detention through the state court system. He asserted only that he had written to

---

[7]Courts have concluded that circumstances may be "extraordinary," allowing consideration of a pretrial habeas petition, where double jeopardy or speedy trial rights are at issue *and* the petitioner has properly exhausted his claims in the state courts. *See Braden*, 410 U.S. at 489-91; *Satter v. Leapley*, 977 F.2d 1259, 1261 (8th Cir. 1992). Although Petitioner frames his claims as general due process and equal protection violations, his pleadings indicate that he has the mistaken belief that he cannot be convicted of criminal charges which also were used to revoke his parole. A defendant is not placed in double jeopardy because criminal charges for which he is facing trial also serve as the basis for revocation of parole or probation. *Lawrence v. State*, 839 S.W.2d 10, 14-15 (Ark. Ct. App. 1992).
   Finally, even if Petitioner were found to have asserted a colorable double jeopardy claim, it is clear that he has not exhausted that claim in the state courts.

various officials.[8] (Docket entry #6, at 8.) This is insufficient to establish that he has exhausted his remedies in the state courts. *See Sacco*, 649 F.2d at 636 (writing letters to state officials does not satisfy the exhaustion requirement).

Petitioner clearly has not demonstrated that the existing state procedures would be ineffective to protect his constitutional rights or that extraordinary circumstances exist warranting federal intervention with the state's pending judicial proceedings. Because of Petitioner's ongoing state criminal proceedings, this habeas action should be dismissed, without prejudice. Only after those criminal proceedings have been concluded and Petitioner has exhausted his state court remedies, can he properly seek federal habeas review.

### III. Conclusion

IT IS THEREFORE RECOMMENDED that this Petition for Writ of Habeas Corpus (docket entry #2) and Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (docket entry #6) be **denied**, and that the case be **dismissed without prejudice**.

IT IS FURTHER RECOMMENDED that a Certificate of Appealability be

---

[8]According to Petitioner, he wrote the Crittenden County sheriff, "the administrator," "the clerk," and his parole officer.

**denied**.  *See* 28 U.S.C. § 2253(c)(1)-(2); Rule 11(a), Rules Governing § 2254 Cases in United States District Courts.

DATED THIS 5th DAY OF March, 2012.

_____
UNITED STATES MAGISTRATE JUDGE